1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       Claude M. Stern (State Bar No. 96737)
2      Evette D. Pennypacker (State Bar No. 203515)
       Bobbie N. Eftekar (State Bar No. 240102)
3    555 Twin Dolphin Drive, Suite 560
     Redwood Shores, California 94065-2139
4    Telephone:    (650) 801-5000
     Facsimile:    (650) 801-5100
5    E-Mail:    claudestern@quinnemanuel.com
                 evettepennypacker@quinnemanuel.com
6                bobbieeftekar@quinnemanuel.com

7    Attorneys for Plaintiff
     Symyx Technologies, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   SYMYX TECHNOLOGIES, INC., a          CASE NO. C0704050RS
     Delaware corporation,
13                                         **FIRST AMENDED COMPLAINT FOR
                 Plaintiff,                PATENT INFRINGEMENT, BREACH OF
14                                         CONTRACT, BREACH OF DUTY OF
             vs.                           LOYALTY, INTENTIONAL
15                                         INTERFERENCE WITH CONTRACT
     ACCELERGY CORPORATION, a Delaware     AND UNFAIR COMPETITION**
16   Corporation, YOUQI WANG, PEIJUN
     CONG, and YUMIN LIU,                  **DEMAND FOR JURY TRIAL**
17
                 Defendants.
18

19

20

21        Plaintiff Symyx Technologies, Inc. ("Symyx") complains in this action against Defendants

22   Accelergy Corporation ("Accelergy"), Youqi Wang ("Wang"), Peijun Cong ("Cong"), and Yumin

23   Liu ("Liu") as follows:

24                              **THE PARTIES**

25        1.        Symyx is a corporation incorporated under the laws of the State of Delaware with

26   its principal place of business in Santa Clara, California.  Symyx is qualified and duly authorized

27   to do business in the State of California.  At all relevant times, Symyx is and was an industry

28   leader in the development and application of High Throughput Experimentation (HTE), an

1  advanced materials development technology.  Symyx performs research for customers using
2  proprietary technologies to discover new and innovative materials.  Symyx also designs, builds
3  and sells automated research equipment and associated software.  Materials discovered using
4  Symyx's research technologies have been commercialized in a wide variety of industrial
5  applications, including, for example, catalysts for use in the energy industry.

6        2.      Symyx is informed and believes and on that basis alleges that Accelergy is a
7  Delaware corporation with its principal place of business in Palo Alto, California.

8        3.      Symyx is informed and believes and on that basis alleges that, at all relevant times,
9  Accelergy was and is a materials development company engaged in the business of formulating
10 advanced materials for the energy industry using research processes based on HTE.  Symyx is
11 further informed that former Symyx employees who worked on the development and
12 implementation of Symyx's patented research and development methods are currently working for
13 Accelergy to develop and implement research and development methods and processes that
14 infringe Symyx's proprietary patent rights.

15       4.      Symyx is informed and believes and on that basis alleges that Wang is an
16 individual residing in California.  Wang is a former Symyx employee and named inventor on
17 approximately eight issued United States patents assigned to Symyx.  Symyx is informed and
18 believes and on that basis alleges that, unbeknownst to Symyx,  Wang co-founded Accelergy
19 while he was still a Symyx employee and is currently Accelergy's Chief Technology Officer
20 (CTO).

21       5.      Symyx is informed and believes and on that basis alleges that defendant Cong is an
22 individual residing in California.  Cong is a former Symyx employee and named inventor on
23 approximately ten issued United States patents assigned to Symyx.  Symyx is informed and
24 believes and on that basis alleges that, unbeknownst to Symyx, Cong participated in the effort to
25 form Accelergy and Cong left Symyx to join Accelergy.

26       6.      Symyx is informed and believes and on that basis alleges that defendant Liu is an
27 individual residing in California.  Liu is a former Symyx employee and named inventor on
28 approximately eight issued United States patents assigned to Symyx.  Symyx is informed and

-2-

1    believes and on that basis alleges that, unbeknownst to Symyx, Liu participated in the effort to

2    form Accelergy and Liu left Symyx to join Accelergy.

3    <u>**JURISDICTION AND VENUE**</u>

4          7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

5    1331 and 1338(a) in that this case arises under the patent laws of the United States, 35 U.S.C. § 1

6    *et seq.*

7          8.     This Court has supplemental jurisdiction over the state law claims under 28 U.S.C.

8    § 1367, in that the facts underlying the state law claims are so related to the patent law claims that

9    they form part of the same case or controversy under Article III of the United States Constitution.

10         9.     Defendant Accelergy is subject to personal jurisdiction in this Court because, *inter*

11   *alia*, and upon information and belief, Accelergy has its principal place of business and office in

12   this judicial district and directly and through agents regularly does, solicits and transacts business

13   in the Northern District of California and elsewhere in the state of California, including business

14   with respect to the products and services that are the subject of this action.

15         10.    This Court has personal jurisdiction over Wang because, upon information and

16   belief, Wang resides in California and he has consented to jurisdiction in this court by express

17   written agreement with Symyx.

18         11.    This Court has personal jurisdiction over Cong because, upon information and

19   belief, Cong resides in California and he has consented to jurisdiction in this court by express

20   written agreement with Symyx.

21         12.    This Court has personal jurisdiction over Liu because, upon information and belief,

22   Liu resides in California and he has consented to jurisdiction in this court by express written

23   agreement with Symyx.

24         13.    Symyx avers upon information and belief that a substantial part of the events giving

25   rise to its claims occurred in this district.  Symyx also avers upon information and belief that the

26   defendants have committed the acts complained of within this judicial district.  Venue is therefore

27   proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

28

FIRST AMENDED COMPLAINT

1

**INTRADISTRICT ASSIGNMENT**

2    14.    Pursuant to Civil Local Rule 3-2(c), this action is to be assigned on a district-wide

3    basis because it is an Intellectual Property Action.  The contracts giving rise to the breach of

4    contract claims alleged herein provide "that any legal action relating to [the subject contracts] shall

5    be instituted and prosecuted in the courts in Santa Clara County, California."

6    **BACKGROUND**

7    15.    Symyx is the pioneer of high throughput research and development for the

8    chemical and energy industries.  Wang, Cong and Liu were employed by Symyx prior to

9    September 2003, during the years when Symyx was forming its leadership position in the HTE

10    field.  The work Wang, Cong and Liu engaged in for Symyx during their Symyx employment

11    included design and development of new apparatus and methods for HTE.  Wang, Cong and Liu

12    each entered into a written agreement with Symyx in which they agreed, *inter alia*, to refrain,

13    during their employment with Symyx, from engaging in any employment, consulting or other

14    activity in business directly or indirectly competitive with Symyx's business.

15    16.    Upon information and belief, in contravention of the terms of their respective

16    agreements with Symyx and in violation of their duties of loyalty to Symyx under California law,

17    while Wang, Cong and Liu still worked at Symyx, they helped to create a business plan to form

18    Accelergy, a business that directly competes with Symyx, and further helped to form Accelergy

19    while each of these Symyx employees was employed by Symyx, using Symyx resources,

20    including Symyx information, data, equipment and employees.  On information and belief, these

21    individuals began work for Accelergy while they were employed by Symyx, and Accelergy

22    utilized the services of these individuals while they were employed by Symyx.   Symyx was not

23    aware of defendants' efforts to form Accelergy during this time.

24    17.    Upon information and belief, Accelergy, is a research and development company

25    engaged in the business of offering research and development products and services to customers

26    using HTE methods, in direct competition with Symyx.  Symyx is informed and believes and on

27    that basis alleges that Accelergy's research method products and services infringe Symyx's

28    proprietary patent rights.

-4-

**FIRST CLAIM FOR RELIEF**

(Infringement of United States Patent No. 7,216,113 Against Accelergy)

18.     Symyx incorporates the allegations of paragraphs 1-3, 7-9, 13 and 14 as if fully set forth in this paragraph.

19.     United States Patent No. 7,216,113 (the '113 patent) entitled "Remote Execution of Materials Library Designs" was duly and legally issued to Symyx on May 8, 2007.  Symyx has the right to sue for infringements of this patent.  A true and correct copy of the '113 patent is attached hereto as Exhibit 1.

20.      Accelergy has directly infringed and continues to directly infringe the '113 patent. Accelergy's infringing acts include making, using, offering to sell, selling, and/or importing products and/or services that infringe the '113 patent and/or practicing methods covered by the '113 patent in violation of 35 U.S.C. § 271(a).  Accelergy has also been knowingly and intentionally inducing others to infringe the '113 patent in violation of 35 U.S.C. § 271(b), and has been contributorily infringing the '113 patent in violation of 35 U.S.C. § 271(c).

21.     Accelergy's infringement of the '113 patent has caused damage to Symyx, and Symyx is entitled to recover from Accelergy the damages sustained by Symyx as a result of its wrongful acts in an amount subject to proof at trial.

22.     Accelergy's infringement of the '113 patent will continue to damage Symyx's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court, entitling Symyx to injunctive relief against Accelergy and all its agents, employees and others who are participating in its acts of infringement.

**SECOND CLAIM FOR RELIEF**

(Breach of Written Contract Against Youqi Wang)

23.     Symyx incorporates the allegations of paragraphs 1-17 as if fully set forth in this paragraph.

24.     On or about March 1, 1996, Wang and Symyx entered into a written employment Confidential Information, Secrecy, and Invention Agreement ("Wang Agreement").  As part of the Wang Agreement,  Wang agreed, while employed at Symyx, not to engage in any employment,

consulting or other activity in business directly or indirectly competitive with Symyx's business.

25.    The Wang Agreement entered into by Symyx and Wang is a valid and enforceable contract.

26.    Symyx has performed any or all of its obligations or conditions imposed on it under the Wang Agreement, or such conditions and obligations have been otherwise waived by Wang's breaches as alleged herein.

27.    Wang has breached the Wang Agreement by, among other things, using Symyx's business information to form a company to compete with Symyx in violation of the Wang Agreement.

28.    As a direct and proximate result of Wang's breach of the Wang Agreement, Symyx has been damaged in an amount to be proven at trial.

29.    In addition, as a direct and proximate result of Wang's breach of the Wang Agreement, Symyx has been irreparably injured, and has no adequate remedy at law.   As a result, Symyx is entitled to injunctive and other forms of equitable relief against Wang.

**THIRD CLAIM FOR RELIEF**

(Breach of Duty of Loyalty Against Youqi Wang)

30.    Symyx incorporates the allegations of paragraphs 1-17, and 24-29 as if fully set forth in this paragraph.

31.    As an employee of Symyx, Wang owed a duty of undivided loyalty to his employer.  Pursuant to this duty, during his employment with Symyx, Wang could not compete with Symyx, or assist a competitor of Symyx, or use or disclose Symyx's information in contravention of the Wang Agreement.  Pursuant to this duty, Wang was also required to always give preference to Symyx's business over his own, similar interests during the course of his employment with Symyx.

32.    Wang breached his duty of loyalty to Symyx by using Symyx's information, data

and employees to secretly create a business that competed with Symyx and infringed Symyx's proprietary patent rights.

33.    As a direct and proximate result of Wang's breach of duty of loyalty, Symyx has incurred damages in an amount not yet ascertained, but in any event in excess of the jurisdictional amount of this Court.  Symyx, therefore, is entitled to recover compensatory damages in an amount to be determined at trial.

34.    In breaching his duty of loyalty to Symyx, Wang acted with malice, fraud and oppression, and in conscious disregard of Symyx's rights.  Accordingly, Symyx is entitled to recover exemplary damages from Wang in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract Against Peijun Cong)

35.    Symyx incorporates the allegations of paragraphs 1-17 as if fully set forth in this paragraph.

36.    On October 25, 1996, Peijun Cong entered into a Confidential Information, Secrecy, and Invention Agreement with Symyx ("Cong Agreement").  As part of the Cong Agreement, Peijun Cong agreed, while employed at Symyx, not to engage in any employment, consulting or other activity in business directly or indirectly competitive with Symyx's business.

37.    The Cong Agreement entered into by Symyx and Peijun Cong is a valid and enforceable contract.

38.    Symyx has performed any or all of its obligations or conditions imposed on it under the Cong Agreement, or such conditions and obligations have been otherwise waived by Cong's breaches as alleged herein.

39.    Cong has breached the Cong Agreement by, among other things, using Symyx's business information to form a company to compete with Symyx in violation of the Cong Agreement.

-7-

40.     As a direct and proximate result of Peijun Cong's breach of the Cong Agreement, Symyx has been damaged in an amount to be proven at trial.

41.     In addition, as a direct and proximate result of Cong's breach of the Cong Agreement, Symyx has been irreparably injured, and has no adequate remedy at law.   As a result, Symyx is entitled to injunctive and other forms of equitable relief against Cong.

### FIFTH CLAIM FOR RELIEF

(Breach of Duty of Loyalty Against Peijun Cong)

42.     Symyx incorporates the allegations of paragraphs 1-17, and 36-41 as if fully set forth in this paragraph.

43.     As an employee of Symyx, Cong owed a duty of undivided loyalty to his employer. Pursuant to this duty, during his employment with Symyx, Cong could not compete with Symyx, or assist a competitor of Symyx, or use or disclose Symyx's information in contravention of the Cong Agreement.  Pursuant to this duty, Cong was also required to always give preference to Symyx's business over his own, similar interests during the course of his employment with Symyx.

44.     Cong breached his duty of loyalty to Symyx by using Symyx's information, data and employees to secretly create a business that competed with Symyx and infringed Symyx's proprietary patent rights.

45.     As a direct and proximate result of Cong's breach of duty of  loyalty, Symyx has incurred damages in an amount not yet ascertained, but in any event in excess of the jurisdictional amount of this Court.  Symyx, therefore, is entitled to recover compensatory damages in an amount to be determined at trial.

46.     In breaching his duty of loyalty to Symyx, Cong acted with malice, fraud and oppression, and in conscious disregard of Symyx's rights.  Accordingly, Symyx is entitled to recover exemplary damages from Cong in an amount to be determined at trial.

-8-

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract Against Yumin Liu)

47.    Symyx incorporates the allegations of paragraphs 1-17 as if fully set forth in this paragraph.

48.    On March 30, 1998, Yumin Liu entered into a Confidential Information, Secrecy, and Invention Agreement with Symyx ("Liu Agreement").  As part of the Liu Agreement, Yumin Liu agreed, while employed at Symyx, not to engage in any employment, consulting or other activity in business directly or indirectly competitive with Symyx's business.

49.    The Liu Agreement entered into by Symyx and Yumin Liu is a valid and enforceable contract.

50.    Symyx has performed any or all of its obligations or conditions imposed on it under the Liu Agreement, or such conditions and obligations have been otherwise waived by Liu's breaches as alleged herein.

51.    Liu has breached the Liu Agreement by, among other things, using Symyx's business information to form a company to compete with Symyx in violation of the Liu Agreement.

52.    As a direct and proximate result of Yumin Liu's breach of the Liu Agreement, Symyx has been damaged in an amount to be proven at trial.

53.    In addition, as a direct and proximate result of Liu's breach of the Liu Agreement, Symyx has been irreparably injured, and has no adequate remedy at law.  As a result, Symyx is entitled to injunctive and other forms of equitable relief against Liu.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Duty of Loyalty Against Yumin Liu)

54.    Symyx incorporates the allegations of paragraphs 1-17 and 48-53 as if fully set forth in this paragraph.

FIRST AMENDED COMPLAINT

55.     As an employee of Symyx, Liu owed a duty of undivided loyalty to his employer. Pursuant to this duty, during his employment with Symyx, Liu could not compete with Symyx, or assist a competitor of Symyx, or use or disclose Symyx's information in contravention of the Liu Agreement.  Pursuant to this duty, Liu was also required to always give preference to Symyx's business over his own, similar interests during the course of his employment with Symyx.

56.     Liu breached his duty of loyalty to Symyx by using Symyx's information, data and employees to secretly create a business that competed with Symyx and infringed Symyx's proprietary patent rights.

57.     As a direct and proximate result of Liu's breach of duty of loyalty, Symyx has incurred damages in an amount not yet ascertained, but in any event in excess of the jurisdictional amount of this Court.  Symyx, therefore, is entitled to recover compensatory damages in an amount to be determined at trial.

58.     In breaching his duty of loyalty to Symyx, Liu acted with malice, fraud and oppression, and in conscious disregard of Symyx's rights.  Accordingly, Symyx is entitled to recover exemplary damages from Liu in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

(Intentional Interference with Contract Against All Defendants)

59.     Symyx incorporates the allegations of paragraphs 1-58 as if fully set forth in this paragraph.

60.     Symyx had valid contracts with Wang, Cong and Liu pursuant to which Wang, Cong and Liu each agreed during their employment with Symyx, *inter alia*, not to engage in any employment, consulting or other activity in business directly or indirectly competitive with Symyx's business.

61.     Symyx is informed and believes and on that basis alleges that Accelergy knew that Symyx had contracts with Wang, Cong and Liu that prevented Wang, Cong and Liu from

-10-

engaging in any employment, consulting or other activity in business directly or indirectly competitive with Symyx's business, and each of the individual defendants knew that the other individual defendants had contracts with Symyx that prevented Wang, Cong and Liu from engaging in any employment, consulting or other activity in business directly or indirectly competitive with Symyx's business.

62.    Symyx is informed and believes and on that basis alleges that Accelergy and each of the individual defendants knew that using Wang, Cong and Liu to develop a business to directly compete with Symyx while Wang, Cong and Liu were still Symyx employees would disrupt Symyx's contractual relationships with Wang, Cong and Liu and intended to disrupt those contractual relationships.

63.    Accelergy and the individual defendants have caused actual disruption to the contractual relationships between Symxy and Wang, Cong and Liu.

64.    As a direct and proximate result of the actions taken by Accelergy and the individual defendants in interfering with Symyx's contractual relationships, Symyx has suffered and continues to suffer damages in an amount to be proven at trial.

65.    In interfering with Symyx's contractual relationships, Accelergy and the individual defendants acted with malice, fraud and oppression, and in conscious disregard of Symyx's rights. Accordingly, Symyx is entitled to recover exemplary damages in an amount to be proven at trial.

66.    As a result of the actions taken by Accelergy and the individual defendants in interfering with Symyx's contractual relationships, Symyx has suffered and will continue to suffer irreparable harm, including but not limited to harm to its business reputation and goodwill. Symyx is informed and believes and on that basis alleges that Accelergy and the individual defendants threaten to continue their wrongful actions, and unless restrained and enjoined, will do so. Symyx's remedy at law is not by itself adequate to compensate Symyx for the harm inflicted and threatened by Accelergy and the individual defendants.

FIRST AMENDED COMPLAINT

**NINTH CLAIM FOR RELIEF**

(Unfair Competition Under Cal. Bus. & Prof. Code § 17200 Against All Defendants)

67.     Symyx incorporates the allegations of paragraphs 1-66 as if fully set forth in this paragraph.

68.     Defendants' acts, as alleged herein, constitute unfair business acts and practices in violation of California Business and Professions Code § 17200 et seq, in that such actions are unfair, deceptive and unlawful.

69.     Symyx has suffered an actual loss due to Defendants' actions.

70.     Symyx is further entitled to restitution, an accounting of Defendants' profits, and the disgorgement of Defendant's ill-gotten gains.

71.     Symyx's remedy at law is not by itself sufficient to compensate Symyx for injuries inflicted and threatened by Defendants.  Thus, Symyx is entitled to Accelergy's and the individual defendants' disgorgement of revenues and/or profits from their respective wrongful acts and injunctive relief to prohibit Defendants from continuing their unfair, deceptive and illegal actions.

**TENTH CLAIM FOR RELIEF**

(Common Law Unfair Competition Against All Defendants)

72.     Symyx incorporates the allegations of paragraphs 1-71 as if fully set forth in this paragraph.

73.     Defendants' acts, as alleged herein, constitute an unfair method of competition.

74.     Symyx has suffered an actual loss due to Defendants' actions.

75.     Symyx is further entitled to restitution, an accounting of Defendants' profits, and the disgorgement of Defendants' ill-gotten gains.

76.     Symyx's remedy at law is not by itself sufficient to compensate Symyx for injuries inflicted and threatened by Defendants.  Thus, Symyx is entitled to injunctive relief to prohibit Defendants from continuing their illegal actions.

77.    In engaging in the actions as alleged above, Accelergy and the individual defendants acted with malice, fraud and oppression, and in conscious disregard of Symyx's rights. Accordingly, Symyx is entitled to recover exemplary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Symyx prays for:

A.    Judgment that Accelergy infringes the '113 patent under 35 U.S.C. § 271(a), (b), and (c).

B.    For an award to Symyx of damages adequate to compensate Symyx for Accelergy's infringement of the '113 patent, but in no event less than a reasonable royalty together with interests and costs;

C.    For an entry of a temporary restraining order, and preliminary and permanent injunctive relief enjoining and restraining Accelergy and its officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with Accelergy from further infringement of the '113 patent, or from further breaching any contractual obligation owing from them to Symyx;

D.    For a declaration that this case is exceptional, and for an award to Symyx of attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285;

E.    For compensatory damages resulting from the individual defendants breach of contract;

F.    For compensatory damages resulting from all defendants' tortious conduct toward Symyx (including breaches of the duty of loyalty and interference with contract and common law unfair competition);

G.    For disgorgement of all profits, revenues or investments that Accelergy receives as a result of any wrongful action as averred herein by Accelergy;

H.    Awarding Symyx punitive damages in an amount to be determined at trial; and

I.    For an award to Symyx of such other and further relief as this Court deems just and proper.

-13-

FIRST AMENDED COMPLAINT

1  DATED:  November 28, 2007

2                                    QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
3

4                                        /s/ Claude M. Stern
                                     Claude M. Stern
5                                    Evette D. Pennypacker
                                     Bobbie N. Eftekar
6                                    Attorneys for Plaintiff
                                     Symyx Technologies, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

FIRST AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2       In accordance with Federal Rule of Civil Procedure 38(b), Symyx demands a trial by jury.

3

4

5

6   DATED:  November 28, 2007

7

8                                        QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
9

10
                                            /s/ Claude M. Stern
11                                       Claude M. Stern
                                         Evette D. Pennypacker
12                                       Bobbie N. Eftekar
                                         Attorneys for Plaintiff
13                                       Symyx Technologies, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT