MATTHEW D. POWERS (Bar No. 104795)
E-Mail: matthew.powers@weil.com
CHRISTOPHER J. COX (Bar No. 151650)
E-Mail: chris.cox@weil.com
GREGORY D. HULL (Bar No. 57367)
E-Mail: greg.hull@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants
ACCELERGY CORPORATION, YOUQI
WANG, PEIJUN CONG and YUMIN LIU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMYX TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACCELERGY CORPORATION, YOUQI WANG, PEIJUN CONG and YUMIN LIU, <br><br> Defendants. | Case No. C 07 04050 RS <br><br> **DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** <br><br> Hearing: March 12, 2008 <br> Time: 9:30 a.m. <br> Place: Courtroom 4, 5th Flr. <br><br> Magistrate Judge Richard Seeborg |

**TABLE OF CONTENTS**

**Page**

I. Introduction ............................................................................................................................ 1

II. Plaintiff's State Law Claims Should Be Dismissed ............................................................... 2

    A. The Court Lacks Jurisdiction Over The State Law Claims...................................... 2

    B. Even If Supplemental Jurisdiction Existed, The Court Should Dismiss The State Law Claims ............................................................................................. 6

III. Symyx's Allegations Are So Insufficiently Pled That Accelergy and the Individual Defendants Cannot Reasonably Respond ................................................................................. 8

    A. Symyx's Bare Allegation That The Court Has Supplemental Jurisdiction Over The State Claims Is Inadequate ............................................................... 9

    B. Symyx's Allegations Are So Vague That They Do Not Afford Defendants Notice Of What Defenses And Counterclaims May Be Appropriate ................... 10

        1. Symyx's breach of contract claims are vague and inadequately pled....... 10

        2. Symyx's unfair competition claims are vague and inadequately pled...... 11

        3. Symyx's fraud allegations are inadequately pled...................................... 12

    C. A More Definite Statement Of These Claims Will Assist The Court And The Parties In Defining The Proper Scope Of Discovery..................................... 12

IV. Conclusion ........................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ........ passim

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ........ 12

*Bowles v. Glick Bros. Lumber Co.*,
146 F.2d 566 (9th Cir. 1945) ........ 9

*Eli Lilly and Co. v. Aradigm Corp.*,
376 F.3d 1352 (Fed. Cir. 2004) ........ 5

*In re GlenFed Inc. Sec. Litig.*,
42 F.3d 1541 (9th Cir. 1994) ........ 11

*Hollingsworth Solderless Terminal Co. v. Turley*,
622 F.2d 1324 (9th Cir. 1980) ........ 10

*Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*,
24 F.3d 1368 (Fed. Cir. 1994) ........ 1, 3

*Papasan v. Allain*,
478 U.S. 265 (1986) ........ 3

*Tripp v. United States*,
406 F.2d 1066 (Ct. Cl. 1969) ........ 5

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) ........ passim

*Verdegaal Bros., Inc. v. Union Oil Co. of Cal.*,
750 F.2d 947 (Fed. Cir. 1984) ........ passim

## STATE CASES

*Cont'l Car-Na-Var Corp. v. Moseley*,
24 Cal. 2d 104 (1944) ........ 10

*Fox v. iVillage*,
Case No. C-05-3327 SC, 2005 WL 3157413 (N.D. Cal. Nov. 23, 2005) ........ 6

*Khoury v. Maly's of Cal., Inc.*,
14 Cal. App. 4th 612 (Cal. Ct. App. 1993) ........ 11, 12

*Mathews Paint Co. v. Seaside Paint and Lacquer Co.*,
148 Cal. App. 2d 168 (Cal. Ct. App. 1957) ........ 11

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Oculus Innovative Sci., Inc. v. Nofil Corp.*,
    Number C 06-01686 SI, 2007 WL 2600746 (N.D. Cal. Sept. 10, 2007) .......................... 11

*Taiwan Semiconductor Mfg. Co., Ltd. v. Semiconductor Mfg. Int'l Corp.*,
    Case No. C-03-5761 MMC, 2004 WL 5212448 (N.D. Cal. Apr. 21, 2004) ................... 7, 8

## FEDERAL STATUTES

28 U.S.C. § 1338 ............................................................................................................................. 2

28 U.S.C.A. § 1367 (West 2006) ................................................................................................... 3

28 U.S.C. § 1367 .................................................................................................................... passim

Fed. R. Civ. P. 8 ............................................................................................................................. 9

Fed. R. Civ. P. 9 ........................................................................................................................... 12

Fed. R. Civ. P. 12 ................................................................................................................... passim

## STATE STATUTES

Cal. Bus. & Prof. Code § 16600 ................................................................................................... 10

Cal. Civ. Code § 3426.6 ............................................................................................................. 4, 6

Cal. Code Civ. P. § 2019.210 ........................................................................................................ 1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 12, 2008, at 9:30 a.m. in Courtroom 4, defendants Accelergy Corporation ("Accelergy") and Youqi Wang, Peijun Cong and Yumin Liu (collectively, "the Individual Defendants") will move this Court for an order dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth claims for relief of the Amended Complaint of Symyx Technologies, Inc. ("Symyx") (Docket No. 7). In the alternative, Accelergy and the Individual Defendants move, pursuant to Federal Rule of Civil Procedure 12(e), for a more definite statement of Symyx's claims for relief. This motion is based upon the memorandum set forth below, the proposed order submitted herewith, the complete record of this action, evidence and argument presented at the hearing on this motion, and all matters of which the Court may take judicial notice.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.**

### **INTRODUCTION**

Accelergy and the Individual Defendants move to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), the state claims from Symyx's Amended Complaint for lack of supplemental jurisdiction. Symyx's Amended Complaint alleges one federal claim against Accelergy for infringement of Symyx's U.S. Patent No. 7,216,113 (the "'113 Patent") and nine state claims: breach of contract and breach of duty of loyalty against each of the Individual Defendants and claims against all defendants for intentional interference with contract, statutory unfair business acts and practices, and common law unfair competition. Symyx asserts that the Court should exercise supplemental jurisdiction over the state claims, but makes no attempt to plead facts establishing such jurisdiction. *See Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1372 (Fed. Cir. 1994) (complainant bears the burden of establishing that jurisdiction exists). Indeed, it is clear from the face of the pleading that the purported acts upon which the state claims are based are so substantively and temporally disconnected from Accelergy's allegedly infringing conduct that supplemental jurisdiction does not exist.

Even assuming that supplemental jurisdiction did exist, the Court should decline to exercise jurisdiction because the numerous state law claims predominate over the single federal claim and, given the little factual or legal overlap between the state and federal claims, a trial on the state claims would require substantial additional evidence. *See* 28 U.S.C. § 1367(c). These and other reasons discussed below merit dismissal of Symyx's state law claims. *See* Fed. R. Civ. P. 12(b)(1).

In the alternative, Symyx should be ordered to provide a more definite statement under Federal Rule of Civil Procedure 12(e) setting forth necessary facts to establish that the state law claims are "so related to" the patent infringement claim "that they form part of the same case or controversy under Article III of the United States Constitution" (28 U.S.C. § 1367(a)) and to cure pleading deficiencies that preclude Accelergy and the Individual Defendants from reasonably preparing a responsive pleading. Symyx's vague allegation that the Individual Defendants breached their respective employment agreements by misusing unspecified "business information" does not reasonably place defendants on notice of the claims against them or the scope of good faith defenses that may be available. Curing these pleading deficiencies now will also help this Court and the parties to define the proper scope of discovery going forward and prevent unnecessary and costly discovery later.

## II.

## PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

### A. The Court Lacks Jurisdiction Over The State Law Claims

Symyx filed its Amended Complaint in federal court alleging that Accelergy – one of four named defendants – infringes the '113 Patent issued to Symyx. Amended Complaint at ¶¶ 19-20. This patent infringement claim is the only claim over which the Court has original jurisdiction. 28 U.S.C. § 1338(a). However, Symyx attempts to use the patent infringement claim as a jurisdictional lever to shoehorn nine unrelated state law claims and three additional defendants into an otherwise narrow federal dispute. Symyx's federal complaint includes state claims for breach of contract (Second, Fourth and Sixth Claims) and breach of duty of loyalty (Third, Fifth and Seventh Claims) against the Individual Defendants and claims for intentional

interference with contract (Eighth Claim) and statutory and common law unfair competition (Ninth and Tenth Claims) against Accelergy and the Individual Defendants. Amended Complaint at ¶¶ 23-77.

To establish that this Court has supplemental jurisdiction over the state claims, Symyx bears the burden of pleading facts establishing that these claims "are so related to" the patent infringement claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see Mars Inc.*, 24 F.3d at 1372. Put another way, Symyx must show that its state and federal claims "derive from a common nucleus of operative fact" and, as such, "would ordinarily be expected to" be tried together in a single judicial proceeding. *See* 28 U.S.C.A. 1367 (West 2006); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Symyx's Amended Complaint does not come close to meeting this burden.

Rather, Symyx's Amended Complaint merely alleges that "the facts underlying the state law claims are so related to the patent law claims [*sic*] that they form part of the same case or controversy." Amended Complaint at ¶ 8. On this motion, the Court is required to accept all of Symyx's factual allegations as true; however, the Court need not accept as true this bare legal conclusion that the Court has supplemental jurisdiction. *Papasan v. Allain*, 478 U.S. 265, 283, 286 (1986). Indeed, it is clear from Symyx's factual allegations that **none** of the misconduct giving rise to the state law claims has anything to do with Accelergy's alleged patent infringement.

The gravaman of Symyx's Amended Complaint is an employment dispute governed by state law. According to the Amended Complaint, Symyx is a Santa Clara company engaged in "development and application of High Throughput Experimentation (HTE)" for the chemical and energy industries. Amended Complaint at ¶ 1, 16. The Individual Defendants are "former Symyx employee[s]" who worked at Symyx "when Symyx was forming its leadership position in the HTE field." *Id.* at ¶¶ 4-6, 15. Between 1996 and 1998, the Individual Defendants began their employment with Symyx and allegedly "each entered into a written agreement with Symyx in which they agreed, *inter alia*, to refrain, during their employment with Symyx, from

engaging in any employment, consulting or other activity in business directly or indirectly competitive with Symyx's business." *Id.* at ¶ 15. According to Symyx, each "owed a duty of undividedly loyalty to" Symyx and was "required to always give preference to Symyx's business over his own, similar interests during the course of his employment with Symyx." *Id.* at ¶ 31, 43, 55. Symyx alleges the Individual Defendants "helped to create a business plan to form Accelergy" – a Palo Alto company that "directly competes with Symyx" – "using Symyx resources, including Symyx information, data, equipment and employees." *Id.* at ¶¶ 2, 4, 5, 6, 15, 16. In or around September 2003, each of the Individual Defendants "left Symyx to join Accelergy." *Id.* at ¶¶ 4, 5, 6, 15. Symyx alleges these acts were "in contravention of the terms of their respective agreements with Symyx and in violation of their duties of loyalty to Symyx under California law." *Id.* at ¶ 16; *see id.* at ¶¶ 27, 39, 51 (breach of contract) and ¶¶ 32, 33, 56 (breach of duty of loyalty). Accelergy's supposed misconduct was its "utiliz[ation] [of] the services of" the Individual Defendants "**while they were employed by Symyx**" – *i.e.* in 2003 – and "actual disruption to the contractual relations between Symyx and" the Individual Defendants. *Id.* at ¶¶ 16, 63.

Yet, no action was filed by Symyx at the time of this alleged misconduct (no delayed discovery is alleged) and no claim for misappropriation of trade secrets or request for injunctive relief was filed within the applicable three-year statute of limitations. *See* Cal. Civ. Code § 3426.6. Instead, Symyx waited nearly four years after the events giving rise to the state law claims to file the instant action in Federal Court on a patent that issued only months ago (May 8, 2007) and which does not even list the Individual Defendants as inventors.[1] *See* Complaint (Docket No. 1), Exh. 1 [copy of '113 Patent].

Taking each of the aforementioned allegations as true, there is an obvious substantive disconnect between the state and federal claims. None of the breach of contract, breach of duty of loyalty and intentional interference claims relate to Accelergy's allegedly infringing acts. For example, Symyx alleges that, while employed at Symyx and using Symyx's

---

[1] None of the Individual Defendants is accused of patent infringement.

resources, the Individual Defendants prepared a business plan to form a company that directly competes with Symyx and concurrently worked with both Accelergy and Symyx, thus, "disrupt[ing] Symyx's contractual relationships" with the Individual Defendants. Amended Complaint at ¶¶ 16, 27, 39, 51, 63. These acts form the core of each of Symyx's nine state claims. Yet, none of these allegations is the basis for or even marginally connected to the patent infringement claim. Indeed, the Amended Complaint includes no allegations linking Accelergy's "infringing acts" to the Individual Defendants' supposed misuse of Symyx's "business information" and participation in Accelergy's formation. Assuming all of Symyx's allegations to be true, there is no pleaded nexus or discernable overlap of "operative fact" between Accelergy's alleged patent infringement and Accelergy's "utiliz[ation]" of the Individual Defendants (*id.* at ¶ 16) and "disruption" of "contractual relations between Symyx and" the Individual Defendants (*id.* at ¶ 63). Thus, the patent claim and the state law claims, as pled, do not arise out of the same event or even a connected series of events.

The lack of supplemental jurisdiction is further revealed by the temporal disconnect between the state and federal claims. Symyx's sole federal claim – for infringement of the '113 Patent – matured no earlier than May 8, 2007 when the patent issued. *See* Amended Complaint at ¶ 19; *Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, 1356, n. 1 (Fed. Cir. 2004); *Tripp v. United States*, 406 F.2d 1066, 1071 (Ct. Cl. 1969). Thus, as a matter of law, Accelergy's alleged infringement began no earlier than eight months ago. In stark contrast, the acts giving rise to the state law claims – according to the Amended Complaint – ended years before the '113 patent issued. *See* Amended Complaint at ¶¶ 15-16, 24, 27, 31-32, 36, 39, 43-44, 48, 51, 55-56. For example, the intentional interference claim against Accelergy and the Individual Defendants is based on actions that occurred years ago while the Individual Defendants were employed at Symyx. *Id.* at ¶¶ 15 ("Wang, Cong and Liu were employed by Symyx prior to September 2003…."), 16 ("**while Wang, Cong and Liu still worked at Symyx**, they helped to create a business plan to form Accelergy … and further helped to form Accelergy **while each of these Symyx employees was employed by Symyx**…."), 62 ("Accelergy and each of the individual defendants knew that using Wang, Cong and Liu to develop a business to

directly compete with Symyx **while Wang, Cong and Liu were still Symyx employees** would disrupt Symyx's contractual relationships with Wang, Cong and Liu."). Symyx does not allege that any of the defendants did anything unlawful between September 2003, when the Individual Defendants supposedly left Symyx (*Id.* at ¶ 16), and May 2007, when Accelergy's alleged infringement began.[2] This disconnect is apparent from the breach of contract claims as well. *E.g.*, *id.* at ¶¶ 15, 16, 27, 39, 51 (allegations claiming each Individual Defendant breached the employment agreements when forming Accelergy while still employed at Symyx prior to September 2003). Without some temporal link, the state and federal claims cannot be related. *See Verdegaal Bros., Inc. v. Union Oil Co. of Cal.*, 750 F.2d 947, 949 (Fed. Cir. 1984) (affirming district court's dismissal of state claims from infringement suit where district court had "difficulty in seeing an overlap between the patent infringement claim and the misappropriation of trade secrets claim since plaintiff alleges that the acts that constituted misappropriation of trade secrets took place during the two years prior to plaintiff acquiring a patent.").

The patent and the state claims present substantial and separate issues and should be treated for what they are: separate cases. *See Fox v. iVillage*, Case No. C-05-3327 SC, 2005 WL 3157413, at *2 (N.D. Cal. Nov. 23, 2005) ("Courts will generally dismiss actions which fundamentally assert contract claims and only incidentally involve patents."). Because Symyx has failed to carry its burden of showing that the state claims "form part of the same case or controversy" (28 U.S.C. § 1367), the Court should dismiss the state claims.

### B. Even If Supplemental Jurisdiction Existed, The Court Should Dismiss The State Law Claims

Even if Symyx could allege facts sufficient to meet the minimum threshold for establishing supplemental jurisdiction, the Court has broad discretion to decline to exercise that jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c); *Gibbs*, 383 U.S. at 725; *Verdegaal Bros.*, 750 F.2d at 950 ("[J]urisdiction of pendent claims in the district court does not compel

---

[2] Although its Amended Complaint includes allegations styled as a claim for misappropriation of Symyx's trade secret "business information" (*id.* at ¶¶ 27, 39, 51), Symyx does not allege a trade secret misappropriation claim. Nor could it -- that claim has a three-year limitations period (Cal. Civ. Code § 3426.6) and – according to the Amended Complaint – the alleged misconduct ended four years ago. *E.g.,* Amended Complaint at ¶¶ 4-6, 15, 16.

1  exercise of that jurisdiction."). Given that Symyx alleges nine state claims that are unrelated to
2  the single federal claim, the Court should decline to exercise jurisdiction because the state claims
3  would undoubtedly predominate over the patent claim. *See* 28 U.S.C. § 1367(c)(2); *Taiwan*
4  *Semiconductor Mfg. Co., Ltd. v. Semiconductor Mfg. Int'l Corp.*, Case No. C-03-5761 MMC,
5  2004 WL 5212448, at *7 (N.D. Cal. Apr 21, 2004) (declining to exercise supplemental
6  jurisdiction over state trade secret misappropriation and unfair competition claims and noting:
7  "The gravamen of plaintiffs' complaint is that defendants have engaged in wholesale looting of
8  plaintiffs' intellectual property in order to create the foundation of defendants' semiconductor
9  manufacturing business. Nevertheless, it is clear that the state law claims substantially
10 predominate over the patent claims….").

11         There are numerous other compelling reasons for declining jurisdiction. *See* 28
12 U.S.C. § 1367(c)(4). To determine whether to exercise jurisdiction, the Court should consider:
13 (1) the degree of overlap between the factual basis of the state and federal claims, (2) whether the
14 state claim would require substantial additional evidence at trial, (3) whether there is a likelihood
15 of jury confusion, (4) whether the state law claim was asserted as a means of prejudicing the jury
16 against the other party, (5) judicial economy, and (6) convenience and fairness to the litigants.
17 *Gibbs*, 383 U.S. at 726-27; *Verdegaal Bros.*, 750 F.2d at 952; *Taiwan Semiconductor Mfg. Co.*,
18 2004 WL 5212448, at *7.

19         The *Taiwan Semiconductor Mfg. Co.* decision, which involved claims for patent
20 infringement as well as trade secret misappropriation and unfair competition under California
21 Business and Professions Code § 17200, is particularly informative. There, Taiwan
22 Semiconductor Manufacturing Company ("TSMC") alleged that the defendant corporation
23 "seeded its workforce" with TSMC's employees "in order to acquire and utilize their knowledge
24 of TSMC's proprietary fabrication processes and business trade secrets." *Taiwan Semiconductor*
25 *Mfg. Co.*, 2004 WL 5212448, at *1. Plaintiff alleged that the defendant "used, and [was]
26 continuing to misuse, TSMC's proprietary information, and it has been infringing TSMC's
27 United States patents, to compete unfairly against TSMC for the business of California and other
28 U.S. based companies." *Id*. The court declined to exercise jurisdiction because (1) there was

1  "little factual or legal overlap between the patent claims and the state law trade secret and unfair
2  competition claims;" (2) "trial of the state law claims will require substantial additional evidence
3  beyond that needed to litigate the patent claims;"[3] and (3) a likelihood of jury confusion was
4  caused by "a lack of significant factual and legal overlap and the need for substantial additional
5  evidence not relevant to the patent claims." *Id*. at *6.

6  In the present action, there is no – or minimal at best – factual or legal overlap
7  between Symyx's state and federal claims.  As discussed above, Accelergy's supposedly
8  infringing acts (*e.g.*, the "making, using, offering to sell, selling, and/or importing products and/or
9  services that infringe the '113 patent" (Amended Complaint at ¶ 20)), are, at most, peripherally
10 related to the unfair competition claims against it and have no overlap with the intentional
11 interference claim against Accelergy.  Moreover, none of the state claims against the ***Individual***
12 ***Defendants*** derives from, relates to or shares a "common nucleus" with the federal claim against
13 ***Accelergy***.  Thus, a trial on the nine state claims would require introduction of substantial
14 additional evidence, argument and proof beyond the federal patent claim.  Where substantial
15 additional evidence not relevant to the patent claim is needed, a likelihood of jury confusion
16 exists.  *See Taiwan Semiconductor Mfg. Co., Ltd.*, 2004 WL 5212448, at *6.  Thus, the Court
17 should exercise its discretion and decline to exercise supplemental jurisdiction over Symyx's state
18 law claims.  *See Verdegaal Bros*, 750 F.2d at 949, 952 (affirming district court's dismissal of
19 claims for misappropriation of trade secrets and unfair competition from patent infringement
20 action); *Taiwan Semiconductor Mfg. Co., Ltd.*, 2004 WL 5212448, at *6 (dismissing trade secret
21 misappropriation and unfair competition claims from patent infringement action).

**III.**

**SYMYX'S ALLEGATIONS ARE SO INSUFFICIENTLY PLED THAT ACCELERGY AND THE INDIVIDUAL DEFENDANTS CANNOT REASONABLY RESPOND**

25  Federal Rule of Civil Procedure 8(a) sets forth the minimal pleading standard for a

---

[3] More specifically, the Court found that "the patent claims at issue here concern the relatively circumscribed question of whether defendants are infringing five discrete patents.  By contrast, plaintiffs' state law causes of action for trade secret misappropriation and unfair competition are based on defendants' alleged misappropriation of a wide variety of 'technical and operational trade secrets'" and "various 'business trade secrets….'" *Id.* at *6.

claim for relief. In its Amended Complaint, Symyx was required to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the complaint "does not need detailed factual allegations," it must give Accelergy and the Individual Defendants "fair notice" of the grounds upon which Symyx's claims rest. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-66 (2007) (The claims must be supported by allegations that "possess enough heft" to establish the Court has jurisdiction and that the complainant is entitled to relief.). However, Symyx's Amended Complaint fails to meet this minimal pleading requirement. Pursuant to Federal Rule of Civil Procedure 12(e), Symyx should be ordered to plead sufficient facts to cure the jurisdictional deficiency discussed above and to adequately plead its state claims. This will allow Accelergy and the Individual Defendants to assess what counter-claims and defenses are appropriate and enable this Court and the parties to appropriately focus and control discovery. *See Bowles v. Glick Bros. Lumber Co.*, 146 F.2d 566, 568 (9th Cir. 1945); *see also Bell Atlantic Corp.*, 127 S.Ct. at 1966-67.

       **A.**       **Symyx's Bare Allegation That The Court Has Supplemental Jurisdiction Over The State Claims Is Inadequate**

Symyx's Amended Complaint must include "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). Here, Symyx's entire statement of jurisdiction concerning the state claims is that "The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, in that the facts underlying the state law claims are so related to the patent law claims [*sic*] that they form part of the same case or controversy under Article III of the United States Constitution." Amended Complaint at ¶ 8. As discussed above, the Amended Complaint does not contain a single factual allegation in support of supplemental jurisdiction but just a restatement of the statutory standard for jurisdiction. Yet, the factual allegations elsewhere in the Amended Complaint do not show or even suggest that supplemental jurisdiction exists and, in their current form, contradict Plaintiff's assertion that "[t]he Court has supplemental jurisdiction over the state law claims" (*id.*). Symyx should revise its allegations to make clear what operative facts are common to the state and federal claims,

1  thereby allowing the Court to determine jurisdiction and permitting Accelergy and the Individual
2  Defendants to prepare a responsive pleading.

      **B.**     **Symyx's Allegations Are So Vague That They Do Not Afford Defendants Notice Of What Defenses And Counterclaims May Be Appropriate**

5        Each of Symyx's state claims are pled so vaguely that Accelergy and the
6  Individual Defendants have not been afforded fair notice of Symyx's claims and, therefore, are
7  unable to determine all of the defenses and counterclaims that may be available.  Symyx should
8  provide a more definitive statement with factual allegations having enough heft to show Symyx is
9  entitled to relief and clearly setting forth **all** grounds upon which Symyx's claims rest.

      **1.**     <u>Symyx's breach of contract claims are vague and inadequately pled</u>

11        Symyx's breach of contract claims against the Individual Defendants are based
12  upon "a written employment agreement with Symyx in which they agreed, *inter alia*, to refrain,
13  during their employment with Symyx, from engaging in any employment, consulting or other
14  activity in business directly or indirectly competitive with Symyx's business." *Id.* at ¶ 15; *see id.*
15  at ¶¶ 24, 36, 48.  However, California has a strong public policy in favor of competition and
16  employment mobility.  *Cont'l Car-Na-Var Corp. v. Moseley*, 24 Cal.2d 104, 110 (1944) ("A
17  former employee has the right to engage in a competitive business for himself and to enter into
18  competition with his former employer, … , provided such competition is fairly and legally
19  conducted.").  Under California Business and Professions Code § 16600, "every contract by
20  which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is
21  to that extent void."  An employer can only restrain by contract "that conduct of the former
22  employee that would have been subject to judicial restraint under the law of unfair competition,
23  absent the contract." *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1329 (9th
24  Cir. 1980) (internal citations omitted).  Symyx's Amended Complaint does not explain how the
25  employment agreements with the Individual Defendants – which are not attached to the Amended
26  Complaint – could possibly be consistent with and valid under § 16600 or allege "conduct … that
27  would have been subject to judicial restraint under the law of unfair competition."  Symyx's
28  generic reference to use of "business information" cannot possibly inform the Individual

Defendants whether Symyx is seeking an unlawful restraint of trade in conflict with California public policy or whether Symyx claims they did something unlawful.

In addition, Symyx's allegations are too vague and ambiguous to adequately provide notice to the Individual Defendants of the totality of the conduct that allegedly breached the agreements. Symyx alleges that the Individual Defendants breached their respective employment agreements "by, among other things, using Symyx's business information to form a company to compete with Symyx …" Amended Complaint at ¶¶ 27, 39, 51. However, California has long recognized that "[s]ome knowledge gained by an employee is of such a general character that equity will not restrict its later use …. " *Mathews Paint Co. v. Seaside Paint and Lacquer Co.*, 148 Cal. App. 2d 168, 171, 175 (Cal. Ct. App. 1957) (citations omitted). The Individual Defendants cannot reasonably frame a responsive pleading "without knowing at least the general nature of the information" they allegedly used. *See e.g., Oculus Innovative Sci., Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007) (ordering a more definite statement where conversion counterclaim failed to describe the confidential proprietary information allegedly misappropriated); *see also In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, 1544 (9th Cir. 1994) ("[W]e are loathe to allow plaintiffs to tax defendants … with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint.").

**2.** <u>Symyx's unfair competition claims are vague and inadequately pled</u>

Symyx's statutory and common law unfair competition claims for relief eschew any factual allegations that purportedly constitute unfair business practices or competition. Symyx merely "incorporates the allegations" of the preceding paragraphs by reference. Amended Complaint at ¶¶ 67, 72. This is insufficient to meet Symyx's pleading burden because all allegations under California Business and Professions Code § 17200 "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993); *see also Bell Atlantic*, 127 S.Ct. at 1964-65 (stating that "a formulaic recitation of the elements of a cause of action" is insufficient to meet the pleading requirement).

### 3. Symyx's fraud allegations are inadequately pled

Symyx's breach of duty of loyalty, intentional interference and unfair competition claims include allegations that Accelergy and the Individual Defendants "acted with malice, **fraud** and oppression" and were "deceitful." Amended Complaint at ¶ 34, 46, 58, 65, 68, 77 (emphasis added). Assertions of fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated **with particularity**." Fed. R. Civ. P. 9(b) (emphasis added). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs…, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted). None of Symyx's fraud averments are described with any particularity. Thus, here too, Accelergy and the Individual Defendants lack "fair notice" of all grounds upon with Symyx's state claims rest.

### C. A More Definite Statement Of These Claims Will Assist The Court And The Parties In Defining The Proper Scope Of Discovery

A more definite statement of the state claims will help frame the issues for discovery and assist the court and the parties in crafting and implementing appropriate controls and protections against a fishing expedition. In recently addressing the pleading requirements, the Supreme Court was particularly cognizant of the hazards and unnecessary costs wrought by overbroad discovery caused by insufficiently or poorly plead claims and discounted "careful case management" as a mechanism to control and weed out groundless claims. *Bell Atlantic*, 127 S.Ct. at 1966-67. Consequently, the Court noted that pleading defects should be exposed and resolved at the point of "minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966-67. This admonition applies to the instant action.

Here, Symyx's breach of contract claims provide a perfect example of claims with the potential for unnecessary and expensive discovery. Symyx alleges that each of the Individual Defendants "us[ed] Symyx's business information to form a company to compete with Symyx

1  …" Amended Complaint at ¶¶ 27, 39, 51.  Yet, nowhere in its Amended Complaint does
2  Symyx clarify what it means by "business information."  Of course, use of non-confidential or
3  non-proprietary "business information" cannot form the basis for Symyx's claims.  *See Litton*
4  *Sys., Inc. v. Sundstrand Corp.*, 750 F.2d 952, 958 (Fed. Cir. 1984) ("Matters of broad public
5  knowledge or of general knowledge in an industry cannot constitute confidential information or
6  trade secrets.").  If the "business information" is intellectual property, then discovery protections
7  would normally be implemented to prevent Symyx from engaging in a fishing expedition and to
8  shield Accelergy and the Individual Defendants from unnecessary cost and burden.  For example,
9  if Symyx alleged a claim for trade secret misappropriation, it would need to identify the
10 misappropriated trade secrets "with reasonable particularity" before being permitted to conduct
11 any discovery regarding the trade secrets.  *See* Cal. Code Civ. P. 2019.210.  Similarly, by alleging
12 patent infringement, Symyx will be required to specify the bases for its patent infringement
13 allegations in detailed, written contentions before meaningful discovery proceeds.  *See* Pat. L.R.
14 3-1.[4]  However, without a more particular identification of "Symyx's business information" at the
15 pleading stage, Symyx will undoubtedly attempt a sweeping land grab to capture all "business
16 information" in the continuum between non-confidential and "trade secret" information and
17 search for something within Accelergy to re-cast as "Symyx's business information."  In turn,
18 Defendants would be forced to defend against a moving target.  Worse, without providing any
19 factual allegations that specify what this "business information" is, Symyx, an alleged direct
20 competitor of Accelergy (Amended Complaint at ¶ 16), will likely gain access to much of
21 Accelergy's proprietary and highly sensitive competitive business information.  The burden of
22 such unnecessary, unfocused and burdensome discovery can be limited by more definite
23 allegations of what "Symyx business information" was allegedly used by the Individual
24 Defendants.  The pleading, as currently framed, makes it is impossible to forecast what the proper

---

[4] Symyx's bare identification of the accused Accelergy products and methods as the "products and/or services that infringe the '113 patent" does not meet the pleading standard required by *Bell Atlantic*. However, Accelergy does not in the instant motion challenge the inadequacy of Symyx's patent infringement claim because Accelergy is protected from unfocused discovery by the Patent Local Rules and Symyx is obligated to provide much more information about the accused products and methods in its infringement contentions.

scope of discovery should be.

## IV.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss should be granted and Symyx's state law claims dismissed.

Dated: January 9, 2008                                    WEIL, GOTSHAL & MANGES LLP

By: */s/ Christopher J. Cox*
Christopher J. Cox
Attorneys for Defendants
ACCELERGY CORPORATION,
YOUQI WANG, PEIJUN CONG
and YUMIN LIU