QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Symyx Technologies, Inc.

WEIL, GOTSHAL & MANGES LLP
  Matthew D. Powers (Bar No. 104795)
  matthew.powers@weil.com
  Christopher J. Cox (Bar No. 151650)
  chris.cox@weil.com
  Gregory D. Hull (Bar No. 57367)
  greg.hull@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:     (650) 802-3000
Facsimile:     (650) 802-3100

Attorneys for Accelergy Corporation,
Youqi Wang, Peijun Cong, and Yumin Liu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYMYX TECHNOLOGIES, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>ACCELERGY CORPORATION, a Delaware corporation, et al.,<br><br>              Defendants. | CASE NO. C 07-04050RS<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

        Plaintiff Symyx Technologies, Inc. ("Symyx") and Defendants Accelergy Corporation

("Accelergy"), Youqi Wang ("Wang"), Peijun Cong ("Cong"), and Yumin Liu ("Liu," and,

collectively with Accelergy, Wang, and Cong, "Defendants") jointly submit this Case

1  Management Statement and Proposed Order, and request that the Court adopt it as its Case

2  Management Order in this case.

3  **I.    Jurisdiction and Service**

4        This is an action for infringement under the patent laws of the United States and for nine

5  causes of action under the laws of the State of California:  breach of contract (Second, Fourth and

6  Sixth Claims for Relief) and breach of duty of loyalty (Third, Fifth and Seventh Claims for Relief)

7  against Defendants Wang, Cong and Liu, and claims against all Defendants for intentional

8  interference with contract (Eighth Claim for Relief), unfair competition under California Business

9  and Professions Code § 17200 (Ninth Claim for Relief) and common law unfair competition

10  (Tenth Claims for Relief) (collectively, the "State Claims").  The parties do not dispute the

11  propriety of personal jurisdiction and venue in this District.

12        Claim One in the Amended Complaint is a claim against Accelergy for infringement of

13  U.S. Patent No. 7,216,113 ("the '113 patent"), which issued to Symyx on May 8, 2007, and is

14  entitled "Remote Execution of Materials Library Designs."  Pursuant to 28 U.S.C. §§ 1331 and

15  1338, this Court has original jurisdiction over Claim One because it arises under the patent laws of

16  the United States (35 U.S.C. § 1 *et seq*).

17        The parties dispute whether this Court has supplemental jurisdiction over the State Claims

18  in the Amended Complaint.  On January 9, 2008, the Defendants moved to dismiss the State

19  Claims, or, in the alternative, for a more definite statement.  Symyx opposes the Defendants'

20  motion.  A hearing on the Defendants' motion is scheduled for March 19, 2008.

21        Symyx contends that there are no additional parties that need to be added at this time.

22  Defendants believe that discovery is required on this subject.

23  **II.    Facts**

24        **A.    Symyx's Factual Statement**

25            **a.    The Parties**

26        Symyx is a Delaware corporation with its principal place of business in Santa Clara,

27  California.  (FAC ¶ 1)  Symyx developed and applies high throughput experimentation ("HTE") –

28

1  technology used to develop advanced materials.  (*Id.*)  Symyx performs research for customers

2  using proprietary technologies such as HTE to discover new and innovative materials.  (*Id.*)

3  Symyx also designs, builds and sells automated research equipment and associated software.  (*Id.*)

4  Materials discovered using Symyx's research techniques have been commercialized in a wide

5  variety of applications, including, for example, catalysts for the energy industry.  (*Id.*)

6       Accelergy is a Delaware corporation with its principal place of business in Palo Alto,

7  California.  (*Id*. at ¶ 2)  Like Symyx, Accelergy is a materials development company that

8  formulates advanced materials for the energy industry using HTE.  (*Id*. at ¶ 17)  As a result,

9  Accelergy and Symyx are competitors in the field of HTE.  (*Id.*)

10                    **b.    Symyx Creates the HTE Industry**

11       Symyx's U.S. Patent No. 7,216,113 ("the '113 patent"), describes high-throughput

12  technologies as "techniques . . . useful for the simultaneous . . . (i) synthesis, (ii) processing,

13  (iii) analysis, or (iv) characterization of multiple compounds . . . ."  (*Id*. at Ex. 1 ('113 patent), 9:2-

14  7)  According to the '113 patent, the use of HTE "improves the effectiveness of R&D," because it

15  "enable[s] the execution of 100 to 10,000 more experiments per unit time compared to traditional

16  research approaches."  (*Id*. at 1:38-42)  Symyx became an industry leader in HTE during the time

17  it employed individual defendants Youqi Wang, Peijun Cong and Yumin Liu.  (FAC at ¶ 15)

18  Wang, Cong and Liu's work at Symyx, such as the design and development of new hardware and

19  methods for HTE, have, in some measure, contributed to Symyx's success.  (*Id.*)

20            **c.    The Individual Defendants Use Symyx's Resources During Their
                       Symyx Employment To Help Form Accelergy**

21

22       Wang, Cong and Liu each entered into Confidential Information, Secrecy, and Invention

23  Agreements with Symyx.  (*Id*. at ¶¶ 15, 24, 36, 48)  In the agreements, Wang, Cong and Liu

24  promised, *inter alia*, not to engage in any business activity that directly or indirectly competes

25  with Symyx's business.  (*Id.*)  Despite these agreements, during their employment by Symyx,

26  Wang, Cong and Liu secretly formed Accelergy to compete with Symyx in the HTE industry.  (*Id.*

27  at ¶ 16)  They helped to create a business plan for Accelergy, they used Symyx's information,

28

1  data, equipment and employees to help form Accelergy, and they otherwise worked for Accelergy
2  while they were still employed by Symyx.  (*Id.*)

3      The application for the '113 patent was pending and being prosecuted at the United States
4  Patent and Trademark Office before September 2003 while Wang, Cong and Liu were still Symyx
5  employees.  (*Id.* at Ex. 1)  In particular, Symyx filed the provisional and regular patent
6  applications for the '113 patent on March 24, 2000 and March 26, 2001, respectively.  (*Id.*)  The
7  '113 patent issued on May 8, 2007.  (*Id.*)

8      **d.    Accelergy Competes With Symyx and Infringes Symyx's Patent**

9      According to its Abstract, the '113 patent relates to, *inter alia*, methods of performing
10  HTE.  (*Id.*)  Such methods enable "individual chemists to design, order, and obtain data for
11  multiple experiments or measurements in a timely and cost-effective manner."  (*Id.*)  Accelergy
12  uses research processes based on HTE to compete with Symyx in the design of advanced
13  materials.  (FAC ¶ 3)  Not surprisingly, Accelergy's past and present activities directly and
14  indirectly infringe the '113 patent.  (*Id.* at ¶ 17)  Accelergy has also been knowingly and
15  intentionally inducing others to infringe the '113 patent, and has been contributorily infringing the
16  '113 patent.  (*Id.* at ¶ 20)

17      **e.    Symyx's Lawsuit**

18      Symyx's Amended Complaint contains ten federal and state claims that all relate to the
19  Defendants' use of Symyx's resources to form a competing company in the HTE industry.  Claim
20  1, against Accelergy, is for infringement of Symyx's '113 patent concerning HTE.  Claims 2-7 are
21  claims for breach of contract and breach of duty of loyalty against each of the three individual
22  defendants.  These claims also relate to the individual defendants' use of Symyx's resources and
23  business information to help form a competing company.  (*Id.* at ¶¶ 27, 32, 39, 44, 51, 56)
24  Claim 8, for intentional interference with contract, also relates to Accelergy's competition with
25  Symyx in the HTE field.  It involves Defendants' interference with the individual defendants'
26  contractual promises not to engage in any activities that compete with Symyx.  (*Id.* at ¶ 62)
27  Claims 9 and 10, for statutory and common law unfair competition against all Defendants, also
28

1   concern Accelergy's competition with Symyx because they incorporate by reference the other
2   allegations in the Amended Complaint.  (*Id.* at ¶¶ 67, 72)

3       **B.    Defendants' Factual Statement**

4           Defendants disagree with and object to Symyx's argumentative accounting of the facts set
5   forth above.  Accelergy will respond to the facts plead in Symyx's Amended Complaint (or any
6   amendments thereto) at an appropriate time.  Accelergy is a Delaware corporation with offices in
7   Shanghai, China and Palo Alto, California.  Symyx is the named assignee of the '113 patent,
8   which bears an issuance date of May 8, 2007.  Symyx has not identified the Accelergy products
9   and methods accused of infringing the '113 patent. However, Accelergy denies that it practices
10  any claim of the '113 patent and states that it does not conduct any activity in the United States
11  that could reasonably be accused of infringement.

12          Wang, Cong and Liu were employed by Symyx prior to about September 2003.  Wang,
13  Cong and Liu were employed by Accelergy subsequent to their employment at Symyx.  Wang and
14  Cong, but not Liu, are currently employed by Accelergy.  Symyx has waited four years to file this
15  action.  Symyx still has not explained what it contends the individual defendants have done wrong.
16  Wang, Cong, and Liu believe that they have complied with all obligations towards Symyx.

17      **C.    Factual Issues in Dispute**

18      • Whether Accelergy has made, used, offered to sell, sold, and/or imported products and/or
19  services that infringe the '113 patent.

20      • Whether Accelergy knowingly and intentionally induced others to infringe the '113 patent.

21      • Whether Accelergy contributed to the infringement of the '113 patent.

22      • Whether the invention of the '113 patent was known or used by others in the United States,
23  or patented or described in a printed publication, before the invention thereof by the applicants for
24  the '113 patent (35 U.S.C. § 102(a)).

25      • Whether the invention of the '113 patent was patented or described in a printed publication
26  or in public use or sale in the United States, more than one year prior to the date of the application
27  for the '113 patent in the United States (35 U.S.C. § 102(b)).

28

1    • Whether the named inventors, Symyx, or others participating in the prosecution of the
2    application giving rise to the '113 patent complied with 37 C.F.R. § 1.56.

3    • Whether Wang entered into a Confidential Information, Secrecy, and Invention Agreement
4    with Symyx.

5    • Whether Wang engaged in any activity that competes with Symyx's business while
6    employed by Symyx.

7    • Whether Wang used Symyx's information and resources and whether any such use was a
8    breach of any contractual obligation with Symyx or duty of loyalty owed to Symyx.

9    • Whether Symyx was harmed by Wang's alleged acts.

10   • Whether Cong entered into a Confidential Information, Secrecy, and Invention Agreement
11   with Symyx.

12   • Whether Cong engaged in any activity that competes with Symyx's business while
13   employed by Symyx.

14   • Whether Cong used Symyx's information and resources and whether any such use was a
15   breach of any contractual obligation with Symyx or duty of loyalty owed to Symyx.

16   • Whether Symyx was harmed by Cong's alleged acts.

17   • Whether Liu entered into a Confidential Information, Secrecy, and Invention Agreement
18   with Symyx.

19   • Whether Liu engaged in any activity that competes with Symyx's business while employed
20   by Symyx.

21   • Whether Liu used Symyx's information and resources and whether any such use was a
22   breach of any contractual obligation with Symyx or duty of loyalty owed to Symyx.

23   • Whether Symyx was harmed by Liu's alleged acts.

24   • Whether each Defendant knew that using Wang, Cong, and Liu to develop a business to
25   compete with Symyx while Wang, Cong, and Liu were still Symyx employees would disrupt
26   Symyx's contractual relationships with Wang, Cong, and Liu.

27

28

1    • Whether each Defendant intended to disrupt Symyx's contractual relationships with Wang,

2    Cong, and Liu.

3    • Whether Symyx was harmed by each Defendant's alleged intentional disruption with

4    Symyx's contractual with Wang, Cong, and Liu.

5    **D.    Legal Issues in Dispute**

6    • Whether the Court has supplemental jurisdiction over the State Claims.

7    • Whether Accelergy directly or indirectly infringes '113 patent.

8    • Whether the '113 patent is valid and enforceable.

9    • Whether and to what extent Symyx has suffered damages as a result of Accelergy's alleged

10   infringement.

11   • Whether Symyx has suffered irreparable harm as a result of Accelergy's alleged

12   infringement and is entitled to a temporary restraining order and injunctive relief.

13   • Whether this case is exceptional and Symyx is entitled to an award of attorneys' fees,

14   expenses and costs pursuant to 35 U.S.C. § 285.

15   • Whether Wang entered into a Confidential Information, Secrecy, and Invention Agreement

16   with Symyx and the validity and enforceability of any such Agreement and the scope of any

17   contractual obligations owed pursuant to any such Agreement.

18   • Whether Wang breached the Confidential Information, Secrecy and Invention Agreement

19   between himself and Symyx.

20   • Whether Symyx suffered damages as a direct and proximate result of Wang's alleged

21   breach of the Confidential Information, Secrecy and Invention Agreement.

22   • Whether Symyx has been irreparably injured and has no adequate remedy at law as a result

23   of Wang's alleged breach of the Confidential Information, Secrecy and Invention Agreement.

24   • Whether Wang owed a duty of loyalty to Symyx and the scope, validity and enforceability

25   of such duty of loyalty owed to Symyx.

26   • Whether Wang breached a duty of loyalty to Symyx.

27

28

-7-                        Case No. C 07-04050RS

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

- Whether Symyx suffered damages as a direct and proximate result of Wang's alleged breach of a duty of loyalty owed to Symyx.

- Whether Wang acted with malice, fraud and oppression and in conscious disregard of Symyx's rights in breaching a duty of loyalty owed to Symyx.

- Whether Cong entered into a Confidential Information, Secrecy, and Invention Agreement with Symyx and the validity and enforceability of any such Agreement and the scope of any contractual obligations owed pursuant to any such Agreement

- Whether Cong breached the Confidential Information, Secrecy, and Invention Agreement between himself and Symyx.

- Whether Symyx suffered damages as a direct and proximate result of Cong's alleged breach of the Confidential Information, Secrecy and Invention Agreement.

- Whether Symyx has been irreparably injured and has no adequate remedy at law as a result of Cong's alleged breach of the Confidential Information, Secrecy and Invention Agreement.

- Whether Cong owed a duty of loyalty to Symyx and the scope, validity and enforceability of such duty of loyalty owed to Symyx.

- Whether Cong breached a duty of loyalty to Symyx.

- Whether Symyx suffered damages as a direct and proximate result of Cong's alleged breach of a duty of loyalty owed to Symyx.

- Whether Cong acted with malice, fraud and oppression and in conscious disregard of Symyx's rights in breaching a duty of loyalty owed to Symyx.

- Whether Liu entered into a Confidential Information, Secrecy, and Invention Agreement with Symyx and the validity and enforceability of any such Agreement and the scope of any contractual obligations owed pursuant to any such Agreement.

- Whether Liu breached the Confidential Information, Secrecy, and Invention Agreement between himself and Symyx.

- Whether Symyx suffered damages as a direct and proximate result of Liu's alleged breach of the Confidential Information, Secrecy and Invention Agreement.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

1    •    Whether Symyx has been irreparably injured and has no adequate remedy at law as a result

2    of Liu's alleged breach of the Confidential Information, Secrecy and Invention Agreement.

3    •    Whether Liu owed a duty of loyalty to Symyx and the scope, validity and enforceability of

4    such duty of loyalty owed to Symyx.

5    •    Whether Liu breached a duty of loyalty to Symyx.

6    •    Whether Symyx suffered damages as a direct and proximate result of Liu's alleged breach

7    of a duty of loyalty owed to Symyx.

8    •    Whether Liu acted with malice, fraud and oppression and in conscious disregard of

9    Symyx's rights in breaching a duty of loyalty owed to Symyx.

10    •    Whether Symyx had valid contracts with Wang, Cong and Liu pursuant to which Wang,

11    Cong and Liu each agreed during their employment with Symyx not to engage in any

12    employment, consulting or other activity in business directly or indirectly competitive with

13    Symyx's business.

14    •    Whether Accelergy, Wang, Cong and Liu knew that Symyx had contracts with Wang,

15    Cong and Liu that prevented Wang, Cong and Liu from engaging in any employment, consulting

16    or other activity in business directly or indirectly competitive with Symyx's business

17    •    Whether Accelergy, Wang, Cong and Liu intended to interfere with Symyx's contractual

18    relationships with Wang, Cong, and Liu.

19    •    Whether Symyx has suffered damages as a result of an interference by Accelergy, Wang.

20    Cong and Liu of Symyx's contractual relations.

21    •    Whether Accelergy, Wang, Cong and Liu acted with malice, fraud and oppression, and in

22    conscious disregard of Symyx's rights in interfering with Symyx's contractual relations.

23    •    Whether the interference of Symyx's contractual relations by Accelergy, Wang, Cong and

24    Liu has caused Symyx irreparable harm and left Symyx without an adequate remedy at law such

25    that Symyx is entitled to injunctive relief.

26    •    Whether Symyx and Accelergy are competitors.

27

28

• Whether the Defendants' acts constitute unfair business acts and practices in violation of California Business and Professions Code § 17200 *et seq*, in that such actions are unfair, deceptive and unlawful.

• Whether Symyx has suffered an actual loss due to the Defendants' alleged violation of California Business and Professions Code § 17200 *et seq*.

• Whether Symyx is entitled to restitution, an accounting of Defendants' profits, and the disgorgement of ill-gotten gains for Defendants' alleged violation of California Business and Professions Code § 17200 *et seq*.

• Whether Symyx lacks an adequate remedy at law for Defendants' alleged violation of California Business and Professions Code § 17200 *et seq*, entitling Symyx to injunctive relief.

• Whether the Defendants' acts constitute an unfair method of competition under the common law.

• Whether Symyx has suffered an actual loss due to the Defendants' alleged unfair method of competition under the common law.

• Whether Symyx is entitled to restitution, an accounting of Defendants' profits, and the disgorgement of ill-gotten gains for Defendants' alleged unfair method of competition under the common law.

• Whether Symyx lacks an adequate remedy at law for Defendants' alleged unfair method of competition under the common law entitling Symyx to injunctive relief.

• Whether the Defendants acted with malice, fraud and oppression in allegedly engaging in an unfair method of competition under the common law entitling Symyx to exemplary damages.

• Whether Symyx can show injury to competition.

• Whether Symyx's patent infringement claim and/or State Claims are barred in whole or in part under the doctrines of laches, estoppel, waiver, unclean hands and/or the applicable statute of limitations.

• Whether Symyx complied with its obligations under Fed. R. Civ. P. 11 in filing its Amended Complaint.

1  **IV.    Motions**

2      As discussed above, Accelergy moved to dismiss Symyx's state law claims, or, in the

3  alternative, for a more definite statement.  The parties anticipate that summary judgment motions

4  will be filed at the close of fact and expert discovery, but do not presently anticipate any other

5  motions.

6  **V.    Amendment of Pleadings**

7      A.    Symyx position

8      Symyx requests an additional 45 days from the date of the case management conference to

9  amend the pleadings.

10      B. Accelergy's position

11     Accelergy believes that, if the Court orders Symyx to amend its Amended Complaint to

12 provide a more definite statement of its claims, Symyx should serve its Second Amended

13 Complaint within 10 (ten) business days of the Court's Order.

14 **VI.    Evidence Preservation**

15     The parties have both taken steps to preserve evidence relevant to the issues in this action.

16 **VII.    Disclosures**

17     The parties agree that disclosures under Rule 26(a)(1) will be made on March 12, 2008.

18 **VIII.    Discovery**

19         The Parties anticipate propounding written discovery and taking depositions.  The

20 parties have agreed to the following with respect to discovery:

21         (a)    Depositions:    Ten (10) fact depositions per side; one deposition, lasting no

22 more than seven (7) hours, of each testifying expert who issues opinions in this case.

23         (b) Interrogatories:  A party may serve on any other party no more than twenty-five

24 (25) interrogatories.

25         The parties agree that, given the highly sensitive proprietary information likely to

26 be disclosed in this case, a protective order will be necessary.  The parties are negotiating a

27 protective order for submission to the Court.  Defendants believe that until the Court enters an

28

1  order finding that the Symyx State Claims shall remain in this action, discovery, beyond the initial

2  disclosures required by Fed. R. Civ. P. 26(a)(1)(a) and the Patent Local Rules, shall not commence

3  in this case.  Symyx does not agree with this position, and expects discovery to go forward with

4  respect to all the Defendants.

5  **IX.    Class Actions**

6      Not applicable.

7  **X.    Related Cases**

8      The parties are not aware of any related cases.

9  **XI.    Relief**

10      ***Relief Sought By Symyx***:  Symyx seeks a judgment that Accelergy infringes the '113

11  patent under 35 U.S.C. § 271(a), (b), and (c).  In addition, Symyx seeks an award of damages

12  adequate to compensate Symyx for Accelergy's infringement of the '113 patent.  Symyx also

13  seeks an award of attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285.  Moreover,

14  Symyx seeks the entry of a temporary restraining order, and preliminary and permanent injunctive

15  relief enjoining and restraining Accelergy (and its officers, directors, agents, servants, employees,

16  and all other persons in privity or acting in concert with Accelergy) from further infringement of

17  the '113 patent, or from further breaching any contractual obligation owing from them to Symyx.

18      Symyx also seeks a permanent injunction as to each Defendants' interference of contract

19  and acts of unfair competition.  Moreover, Symyx requests compensatory damages resulting from

20  the breaches of contract and the breaches of the duty of loyalty by Wang, Cong, and Liu, and from

21  the Defendants' interference with contract and unfair competition.  Symyx also requests punitive

22  damages.  Finally, Symyx seeks the Defendants' disgorgement of revenues and/or profits from

23  their respective wrongful acts, and such other and further relief as the Court deems just and proper.

24      ***Relief Sought by Defendants:***  Accelergy believes that a complete statement of the relief

25  Accelergy seeks is premature.  The Court has not ruled on Accelergy's motion to dismiss all of

26  Symyx's State Claims.  Further, Accelergy has not filed an answer to Symyx's Amended

27  Complaint setting forth Accelergy's defenses and counter-claims, and Accelergy's investigation is

28

on-going. Subject to and without waiving any of its rights, at present, Accelergy expects to seek a declaratory judgment of non-infringement, invalidity and unenforceability of the '113 patent and an award of attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285. If Symyx's State Claims are not dismissed from this action, Wang, Cong and Liu presently expect to seek a judgment of non-liability for Symyx's claims of breach of contract and breach of a duty of loyalty against Wang, Cong and Liu and all Defendants presently expect to request a judgment of non-liability for Symyx's claims of intentional interference with contract and statutory and common law unfair competition. The Defendants also seek attorneys fees and costs, if applicable.

## XII.    **Settlement and ADR**

The parties discussed settlement before service of the Complaint. The parties have agreed to mediation. Pursuant to this Court's Order, the deadline for mediation is May 26, 2008.

## XIII.    **Consent to Magistrate Judge for All Purposes**

The parties consent to having a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## XIV.    **Other References**

This case is not suitable for any other references.

## XV.    **Narrowing of Issues**

A.    Symyx's position

Symyx does not believe the issues of the case can be narrowed. Symyx does not believe that its patent infringement claim should be bifurcated from the State Claims. All of Symyx's claims arise from the same set of operative facts. It would be judicially inefficient to conduct two separate trials on these same issues. In the event the Court is inclined to consider Accelergy's request for bifurcation, which Accelergy first raised the day before the deadline for submission of this joint statement, Symyx respectfully requests the opportunity to submit additional briefing and argument on this issue.

B.    Defendants' position

If the Court denies Defendants' motion to dismiss Symyx's State Claims and Symyx' State Claims (Second through Tenth Claims) remain in this case, Defendants believe Symyx's patent infringement claim against Accelergy should be tried before and separate from Symyx's State Claims to avoid jury confusion and undue and unfair prejudice against Accelergy on the patent infringement issue that will inevitably arise as a result of the introduction of substantial additional evidence, argument and proof in connection with the State Claims.

**XVI.   Expedited Schedule**

This case does not require an expedited schedule.

**XVII.   Scheduling**

The parties agree upon and propose the following schedule:

| Event | Symyx's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Deadline to exchange initial disclosures | March 12, 2008 | same |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions | April 2, 2008 | same |
| Deadline to amend pleadings | May 5, 2008 | if the Court orders Symyx to amend its Amended Complaint to provide a more definite statement of its claims, within 10 (ten) business days from the date of the Court's Order |
| Preliminary Invalidity Contentions | May 19, 2008 | same |
| Exchange of Proposed Terms and Claim Elements for Construction | June 2, 2008 | same |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | June 23, 2008 | same |
| Joint Claim Construction and Pre-Hearing Statement | July 18, 2008 | same |
| Initial Expert Disclosures and Reports on Claim Construction | same | July 30, 2008 |
| Parties Responsive | same | August 6, 2008 |

| | | |
|---|---|---|
| Disclosures and Reports on Claim Construction | | |
| Completion of Claim Construction Discovery | August 18, 2008 | same |
| Opening Claim Construction Brief | September 1, 2008 | same |
| Responsive Claim Construction Brief | September 15, 2008 | same |
| Reply Claim Construction Briefs | September 24, 2008 | same |
| Claim Construction Pre-Hearing Conference | same | (Only if required by the Court) October 8, 2008, or as soon thereafter as is convenient for the Court |
| Claim Construction Hearing | To be set by Court October 13, 2008 | October 8, 2008, or as soon thereafter as is convenient for the Court |
| Further Case Management Conference | | within 14 days after the Court issues its Claim Construction ruling |
| Final Infringement Contentions | 30 days after service by the Court of its Claim Construction ruling | same, per Patent Local Rule 3-6(a) |
| Final Invalidity Contentions | 50 days after service by the Court of its Claim Construction ruling | same, per Patent Local Rule 3-6(b) |
| Close of fact discovery | January 16, 2009 | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Exchange of opening expert reports [by party with burden of proof] | February 2, 2009 | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Exchange of rebuttal expert reports | February 16, 2009 | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Close of expert discovery | March 2, 2009 | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Last day on which dispositive motions may be heard | May 4, 2009 | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Pretrial Conference | June 30, 2009 | To be set at Case Management Conference following issuance of the Claim Construction ruling |

| Trial | July 13, 2009 | |
|---|---|---|
| Bench trial on all equitable issues regarding Symyx's patent infringement claim against Accelergy | Bifurcation is unwarranted | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Jury trial on legal issues regarding Symyx's patent infringement claim against Accelergy | Bifurcation is unwarranted | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Bench trial on all equitable issues regarding Symyx's State Claims | Bifurcation is unwarranted | To be set at Case Management Conference following issuance of the Claim Construction ruling |
| Jury trial on legal issues regarding Symyx's State Claims | Bifurcation is unwarranted | To be set at Case Management Conference following issuance of the Claim Construction ruling |

Accelergy believes that the deadlines proposed by Symyx for the close of fact discovery and subsequent events are overly ambitious if Symyx's State Claims remain in this action and if the Claim Construction ruling does not issue shortly after the October 2008 hearing on claim construction.  Accordingly, Accelergy believes it be more prudent for the Court to conduct a Case Management Conference shortly after issuance of the claim construction ruling whereby the Court would set deadlines for the remaining events in this action.

## XVIII. Claim Construction Hearing

The parties propose that the Claim Construction Hearing be held at the Court's convenience on approximately October 13, 2008.

The parties agree to the following hearing format: (1) each side will have the right to present argument, evidence, and a closing statement for the '113 patent; (2) Symyx will present first, followed by Accelergy; and (3) the time available for argument shall be evenly divided between Symyx and Accelergy.  Further details regarding the parties' position on how the Claim Construction Hearing should be conducted will be presented with the Joint Claim Constructions and Pre-Hearing Statement.

**XIX.  Trial**

A.    Symyx's position

This case will be tried by a jury.  Symyx expects the trial to last for two weeks.  Symyx does not believe that its patent infringement claim should be bifurcated from the State Claims.  All of Symyx's claims arise from the same set of operative facts.  It would be judicially inefficient to conduct two separate trials on these same issues.  In the event the Court is inclined to consider Accelergy's request for bifurcation, which Accelergy first raised the day before the deadline for submission of this joint statement, Symyx respectfully requests the opportunity to submit additional briefing and argument on this issue.

B.    Accelergy's position

If Symyx's State Claims remain in this action, Defendants request that a trial on Symyx's infringement claim against Accelergy be bifurcated from and precede a trial on Symyx's State Claims against Defendants.  This approach avoids the substantial likelihood of jury confusion and undue prejudice to Accelergy that necessarily attends a trial on evidence and argument on both the federal and state claims if tried before a single jury.  Regardless of whether Symyx's state claims remain in this action, Defendants request separate jury and bench trials on legal and equitable issues, respectively.  Accelergy expects trials on all legal and equitable issues regarding Symyx's infringement claim to last four (4) to six (6) days total .  Accelergy expects trials on all legal and equitable issues regarding Symyx's State Claims to last seven (7) to ten (10) days total.

**XX.   Disclosure of Non-Party Interested Entities or Persons**

Symyx has filed the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.  As of this date, there are no interested entities or parties to report.

Defendants will file the Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

DATED:  March 12, 2008              QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP


                                    By /s/
                                       _____
                                       Evette D. Pennypacker
                                       Attorneys for Symyx Technologies, Inc.

DATED:  March 12, 2008              WEIL, GOTSHALL & MANGES, LLP


                                    By /s/
                                       _____
                                       Christopher J. Cox
                                       Attorneys for Accelergy Corporation, Youqi
                                       Wang, Peijun Cong, and Yumin Liu


                            **Case Management Order**

        The Case Management Statement and Proposed Order submitted by the parties is hereby

adopted by the Court as the Case Management Order for the case and the parties are ordered to

comply with this Order.
DATE:_____    _____
                                     Richard Seeborg
                                     United States Magistrate Judge

76264/2431533.11201/233
9138.2

Case No. C 07-04050RS

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER